## THE INHABITANTS OF THE TOWNSHIP OF LODI v. THE STATE.

An indictment described a public road to be in the township of Lodi, and that, between certain *termini*, it was in bad repair; the evidence showed that the boundary of this township ran only to the centre line of the road, and that one-half of the road was in another township; there was a conviction. *Held*, on error, that the judgment should be reversed.

Writ of error to the Bergen Quarter Sessions.

Argued at November Term, 1890, before BEASLEY, CHIEF JUSTICE, and Justices DIXON and MAGIE.

For the plaintiff in error, *William E. Skinner.*

For the state, *A. D. Campbell, Prosecutor of the Pleas.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.    This is an indictment against the township of Lodi for its neglect in keeping in good order one of its public highways. The road in question is described as "situate and being in the township of Lodi, in the county, &c., leading and extending from Saddle River easterly to and into the village of Hackensack, in the county aforesaid, and commonly known as the Paterson turnpike," &c.   The indictment then charges that the road thus delineated, "in all that part of the width and length thereof extending, &c., was ruinous and out of repair; and the duty of the township, according to the averment, was to uphold, maintain, amend and repair the said common or public road and highway, and every part thereof."

At the trial, it appeared by testimony that was undisputed, and which was entirely conclusive, that only one-half of the road thus in question was embraced in the township of Lodi. The evidence showed that the middle line of this road was the divisional line between the townships of Lodi and Midland, so that one-half of the road was in the latter township.

From this statement it becomes palpable that this judgment cannot stand. It establishes, in a conclusive form, a liability of the defendant that has no foundation in fact.

The allegation of the indictment is, that the whole of this highway is in the township of Lodi, and that such township is obligated to keep it, in its entire width and length, in repair, and the judgment definitively finds this to be the case, and imposes a fine and adjudges that the defendant abate the nuisance—that is, that the defendant put the road in proper condition.

But such, clearly, is not the obligation of the township, for as only half the road is within its boundaries, it is only that moiety of it that it is forced to maintain. To permit this judgment, therefore, to stand, would be to impose upon this township a greater burthen than that which legally belongs to it, for in this respect it would be forever concluded by this record. A misdescription of public duty is manifestly fatal, both on principle and authority. 3 *Chit. Cr. L.* 570; 1 *Russ. Cr.* 369.

Let the judgment be reversed.